UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

OPENPRINT LLC,

        Plaintiff,

  v.

HP INC.,

        Defendant.

Civil Action No. 1:17-cv-01077-GMS

### HP INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendant HP Inc. ("HP"), by and through its attorneys, hereby answers Plaintiff OpenPrint LLC's Original Complaint ("the Complaint"). For convenience, HP uses the same headings as used in Plaintiff's Complaint.

### PARTIES

1.    HP lacks information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2.    HP admits that HP Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 1501 Page Mill Road, Palo Alto, CA 94304. HP admits that it may be served via its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

### JURISDICTION AND VENUE

3.    HP admits that Plaintiff's action purports to arise under Title 35 of the United States Code, but denies that Plaintiff's claims have any merit. HP admits that district courts have exclusive jurisdiction of patent actions under 28 U.S.C. §§ 1331 and 1338(a).

4.    HP admits that venue is permissible in this district pursuant to 28 U.S.C. § 1400(b), but denies that venue is convenient for HP and its witnesses. HP reserves its right to

seek transfer pursuant to 28 U.S.C. § 1404.

5. HP admits that this Court has personal jurisdiction over HP, but specifically denies that it has committed any acts of infringement in this district and throughout the United States. HP denies the remaining allegations of paragraph 5 of the Complaint.

## THE OPENPRINT PATENTS

6. HP admits that on its face, U.S. Patent No. 6,209,993 ("the '993 patent") has an issue date of April 3, 2001, and is titled "Structure and Fabricating Method for Ink-Jet Printhead Chip." HP admits that a copy of what purports to be the '993 patent is attached to Plaintiff's Complaint as Exhibit A. HP lacks information sufficient to form a belief as to the remaining allegations of paragraph 6 of the Complaint and on that basis denies them.

7. HP admits that on its face, U.S. Patent No. 8,547,601 ("the '601 patent") has an issue date of October 1, 2013, and is titled "Facsimile to E-Mail Communication System." HP admits that a copy of what purports to be the '601 patent is attached to Plaintiff's Complaint as Exhibit C. HP lacks information sufficient to form a belief as to the remaining allegations of paragraph 7 of the Complaint and on that basis denies them.

8. HP admits that on its face, U.S. Patent No. 6,717,699 ("the '699 patent") has an issue date of April 6, 2004, and is titled "Method for Hybrid Printing." HP admits that a copy of what purports to be the '699 patent is attached to Plaintiff's Complaint as Exhibit D. HP lacks information sufficient to form a belief as to the remaining allegations of paragraph 8 of the Complaint and on that basis denies them.

9. HP lacks information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies them.

10. HP lacks information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies them.

## COUNT I

### Infringement of U.S. Patent No. 6,209,993

11. Denied.

12. Denied.

13. HP admits that Plaintiff purports to attach a copy of U.S. Patent Application Publication No. 2016/0200568 to Plaintiff's Complaint as Exhibit H. However, Exhibit H was not attached to Plaintiff's Complaint as served. Therefore, HP lacks information sufficient to form a belief as to the truth of any allegations regarding Exhibit H and on that basis denies them. HP denies any remaining allegations of paragraph 13 of the Complaint.

14. Denied.

15. Denied.

16. Denied.

17. Because Exhibit H was not attached to Plaintiff's Complaint as served, HP lacks information sufficient to form a belief as to the truth of any allegations regarding Exhibit H and on that basis denies them. HP denies any remaining allegations of paragraph 17 of the Complaint.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. The allegations of paragraph 22 contain conclusions of law to which no further response is required. To the extent a response is required, HP denies the allegations of paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint lacks any content for which a response is required.

To the extent a response is required, HP denies the allegations of paragraph 23 of the Complaint.

## COUNT II

### Infringement of U.S. Patent No. 8,547,601

24. Denied.

25. HP lacks information sufficient to form a belief as to the truth of any allegations regarding Exhibit F because its source is unidentified and on that basis denies them to the extent a response is required. HP denies any remaining allegations of paragraph 25 of the Complaint.

26. HP lacks information sufficient to form a belief as to the truth of any allegations regarding Exhibit F because its source is unidentified and on that basis denies them to the extent a response is required. HP denies any remaining allegations of paragraph 26 of the Complaint.

27. HP lacks information sufficient to form a belief as to the truth of any allegations regarding Exhibit F because its source is unidentified and on that basis denies them to the extent a response is required. HP denies any remaining allegations of paragraph 27 of the Complaint.

28. HP lacks information sufficient to form a belief as to the truth of any allegations regarding Exhibit F because its source is unidentified and on that basis denies them to the extent a response is required. HP denies any remaining allegations of paragraph 28 of the Complaint.

29. Denied.

30. The allegations of paragraph 30 contain conclusions of law to which no further response is required. To the extent a response is required, HP denies the allegations of paragraph 30 of the Complaint.

## COUNT III

### Infringement of U.S. Patent No. 6,717,699

31.   Denied.

32.   Denied.

33.   Denied.

34.   The allegations of paragraph 34 contain conclusions of law to which no further response is required.  To the extent a response is required, HP denies the allegations of paragraph 34 of the Complaint.

### JURY DEMAND

Plaintiff's request for a Jury Trial does not require an admission or denial.

### REQUESTED RELIEF

HP denies that Plaintiff is entitled to any relief from HP, whether sought in the Prayer or otherwise.  Plaintiff's Prayer for Relief with regard to HP should, therefore, be denied in its entirety and with prejudice, and Plaintiff should take nothing.

### AFFIRMATIVE AND OTHER DEFENSES

35.   Further answering Plaintiff's Complaint, HP asserts the following defenses.  HP reserves the right to amend this Answer with additional defenses as further information is obtained.

### FIRST DEFENSE

### (Non-Infringement)

36.   HP has not infringed and is not infringing, directly or indirectly, any valid claim of the '993 patent, '601 patent, or '699 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

## SECOND DEFENSE

### (Invalidity)

37. One or more claims of the of the '993 patent, '601 patent, and '699 patent are invalid, void, or unenforceable for failing to comply with one or more of the provisions of the patent laws of the United States, as codified in Title 35 of the United States Code, including, without limitation 35 U.S.C. §§ 101–103 and/or 112.

## THIRD DEFENSE

### (Failure to Mark)

38. Plaintiff's claims for damages, if any, against HP, are barred or limited due to Plaintiff's failure to comply with the requirements of 35 U.S.C. § 287.

## FOURTH DEFENSE

### (Unavailability of Enhanced Damages)

39. Plaintiff has failed to plead and meet the requirements of 35 U.S.C. § 284 for enhanced damages and is not entitled to any damages prior to providing actual notice to HP of the '993 patent, '601 patent, or '699 patent.

## FIFTH DEFENSE

### (Failure to State a Claim)

40. Plaintiff's Complaint fails to state a claim on which relief may be granted.

## SIXTH DEFENSE

### (Prosecution History Estoppel)

41. To the extent that Plaintiff attempts to assert infringement under the doctrine of equivalents, HP believes that, after a reasonable opportunity for further investigation or discovery, it will be able to demonstrate that arguments and amendments contained in the

prosecution history will estop or bar any claims for alleged infringement.

## SEVENTH DEFENSE

### (Government Sales)

42. Plaintiff's claims against HP as they relate to any product manufactured by HP for use by the United States or any state or local government or government agency is limited to the rights and remedies set forth in 28 U.S.C. § 1498.

## EIGHTH DEFENSE

### (35 U.S.C. § 286)

43. Notwithstanding other affirmative defenses that may completely bar Plaintiff's requests for relief, 35 U.S.C. § 286 bars Plaintiff from recovering for any alleged infringement committed more than six years prior to the filing of Plaintiff's Complaint.

## NINTH DEFENSE

### (No Willful Infringement)

44. Plaintiff is not entitled to enhanced or increased damages for willful infringement because HP has not engaged in any conduct that meets the applicable standard for willful infringement, Plaintiff is not entitled to injunctive relief, and Plaintiff has not been irreparably harmed.

## TENTH DEFENSE

### (No Attorneys' Fees)

45. Plaintiff is barred from recovering attorneys' fees under 35 U.S.C. § 285 because this case is not an exceptional case.

## ELEVENTH DEFENSE

### (Other Defenses)

46. HP intends to rely on any other defenses that may be available by law, or pursuant to statute, of which it becomes aware as a result of discovery or otherwise during the course of this matter, and hereby reserves the right to amend this Answer to assert such defenses.

## HP'S COUNTERCLAIM FOR DECLARATORY JUDGMENT

1. HP asserts the following counterclaims against Plaintiff.

2. The Court has personal jurisdiction over Plaintiff for HP's Counterclaim for Declaratory Judgment ("HP's Counterclaim") because Plaintiff has submitted to the jurisdiction of this Court by filing the Complaint, among other reasons.

3. HP's Counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and the United States Patent Act, 35 U.S.C. § 101, *et seq.* This Court has subject matter jurisdiction over the matters pleaded herein under 28 U.S.C. §§ 1331 and 1338.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) & (c).

## PARTIES

5. HP is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 1501 Page Mill Road, Palo Alto, CA 94304.

6. On information and belief, Plaintiff is a Texas limited liability company with a principal place of business located at 5068 W. Plano Parkway, Suite 3000, Plano, TX 75093.

## HP'S COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement and Invalidity)

7. HP incorporates by reference, as if fully set forth herein, the allegations of Paragraphs 1 through 6 of these Counterclaims above.

8. Plaintiff has asserted it is the owner of the '993 patent and the '699 patent.

9. As a result of Plaintiff's actions and statements, including the filing of its Complaint, an actual controversy has arisen and now exists between Plaintiff and HP as to the non-infringement and invalidity of the '993 patent and the '699 patent.

10. HP has not infringed any valid claim of the '993 patent or the '699 patent, either literally or under the doctrine of equivalents, and HP has not induced or contributed to the infringement of any claim of the '993 patent or the '699 patent.

11. One or more claims of the '993 patent and the '699 patent are invalid for failing to comply with the patent laws of the United States, as codified in Title 35 of the United States Code.

## **PRAYER FOR RELIEF**

WHEREFORE, HP prays that this Court enter a judgment in its favor and against Plaintiff, as follows:

A. Dismissing with prejudice any and all claims of Plaintiff's Complaint and ordering that Plaintiff take nothing as a result of the Complaint;

B. Adjudging the claims of the '993 patent and the '699 patent are invalid, void, and unenforceable;

C. Adjudging that HP has not and does not infringe any valid and enforceable claim of the '993 patent or the '699 patent;

D. That Plaintiff be denied any remedies available under 35 U.S.C. § 284;

E. Finding that this is an exceptional case and awarding HP its attorneys' fees incurred in this action as the prevailing party pursuant to 35 U.S.C. § 285;

F. That the Court award HP its costs of suit; and

    G.    Granting HP such further relief as this Court may deem just and proper or that HP may be entitled to as a matter of law or equity.

| | |
|---|---|
| Dated: October 12, 2017 | Respectfully submitted,<br><br>__/s/ Amy M. Dudash_____<br>Amy M. Dudash<br>MORGAN, LEWIS & BOCKIUS LLP<br>The Nemours Building<br>1007 N. Orange Street, Suite 500<br>Wilmington, DE 19801<br>Tel: 302.547.7293<br>Fax: 302.574.3001<br>amy.dudash@morganlewis.com<br>Email: amy.dudash@morganlewis.com<br><br>Rick L. Rambo (*pro hac vice* motion forthcoming)<br>MORGAN, LEWIS & BOCKIUS LLP<br>1000 Louisiana St., Suite 4000<br>Houston, TX 77002<br>Tel: 713.890.5175<br>Fax: 713.890.5001<br>Email: rick.rambo@morganlewis.com<br><br>Jason E. Gettleman (*pro hac vice* motion forthcoming)<br>MORGAN, LEWIS & BOCKIUS LLP<br>1400 Page Mill Road<br>Palo Alto, CA 94304<br>Tel: 650.843.4000<br>Fax: 650.843.4001<br>Email: jason.gettleman@morganlewis.com<br><br>*Attorneys for Defendant HP Inc.* |