# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OPENPRINT LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PANASONICA CORPORATION OF NORTH AMERICA,<br><br>　　　　Defendant. | C.A. No. 17-1076-GMS |
| OPENPRINT LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HP, INC.,<br><br>　　　　Defendant. | C.A. No. 17-1077-GMS |
| OPENPRINT LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OKI DATA AMERICAS, INC.,<br><br>　　　　Defendant. | C.A. No. 17-1075-GMS |

## JOINT STATUS REPORT

Pursuant to Rule 16, F.R.C.P. 16, D. Del. LR 16.2, and the Court's Order Re: Case Management in Civil Cases (D. I. 8), the parties, by and through their undersigned counsel, jointly submit this Joint Status Report. Counsel for the parties participated in a telephone conference pursuant to the Notice of Scheduling Conference and as required by the Fed. R. Civ. P. 26(f) on December 5, 2017. Neal Massand and Krystal McCool of Ni, Wang & Massand, PLLC

participated on behalf of plaintiff OpenPrint LLC ("Plaintiff"), and Michael Kasdan of Wiggin and Dana LLP and Adam Poff of Young Conaway Stargatt & Taylor participated on behalf of Defendant Panasonic Corporation of North America, and Ehsun Forghany of Morgan, Lewis & Bockius LLP participated on behalf of Defendant HP Inc., and John Shaw of SHAW KELLER LLP participated on behalf of Defendant OKI Data Americas, Inc. (collectively referred to as "Defendants").

**1. Jurisdiction and Service: (Does the court have subject matter jurisdiction? Are all parties subject to the court's jurisdiction? Do any remain to be served?)**

The parties agree that the Court has subject matter jurisdiction over this action, and that the parties are subject to the Court's personal jurisdiction. Defendant has been served.

**2. Substance of the Action: (What are the factual and legal bases for plaintiff's claims and defendant's defenses?)**

On August 3, 2017, Plaintiff filed this action against Defendant Panasonic Corporation of North America in this District alleging infringement of U.S. Patent Nos. 6,023,345, 6,381,313, 6,639,974, 7,446,906, 8,547,601, and 8,941,888 (collectively, the "Patents-in-Suit"). Plaintiff's Complaint (D.I. 1) alleges that Defendant directly infringes by "directly or through its intermediaries, making, using, importing, selling and/or offering for sale products and/or systems (*i.e.*, the Panasonic UF-8200 and the Panasonic UF-7200)." D.I. 1 at ¶ 14.

On August 3, 2017, Plaintiff filed this action against Defendant HP Inc. in this District alleging infringement of U.S. Patent Nos. 6,209,993, 6,717,699, and 8,547,601 (collectively, the "Patents-in-Suit"). Plaintiff's Complaint (D.I. 1) alleges that Defendant directly infringes by "directly or through its intermediaries, making, using, importing, selling and/or offering for sale products and/or systems (*i.e.*, the HP OfficeJet Pro 8600 Printhead)." D.I. 1 at ¶ 11.

On August 3, 2017, Plaintiff filed this action against Defendant OKI Data Americas, Inc. in this District alleging infringement of U.S. Patent Nos. 6,023,345, 6,381,313, 6,639,974, 7,446,906, 8,547,601, and 8,941,888 (collectively, the "Patents-in-Suit"). Plaintiff's Complaint (D.I. 1) alleges that Defendant directly infringes by "directly or through its intermediaries, making, using, importing, selling and/or offering for sale products and/or systems (*i.e.*, the OKI Data MC363dn, MC873dn, ES9465/ES9475, MB472w, MB492/MB562w, MB760+/MB770+, MC573dn, and MC770+/MC780+)." D.I. 1 at ¶ 14.

On October 12, 2017, Panasonic and Oki Data filed motions to dismiss the Complaint (D.I. 7 in C.A. No. 17-1076-GMS and D.I. 7 in C.A. No. 17-1075-GMS), alleging that the Patents-in-Suit are invalid as patent ineligible for failure to satisfy Section 101 of the Patent Act.

On October 19, 2017, HP filed a motion for judgment on the pleadings (D.I. 10 in C.A. No. 17-cv-1077-GMS), alleging that the U.S. Patent No. 8,547,601 is invalid under 53 U.S.C. § 101.

Defendants allege that the Patents-in-Suit are invalid and/or not infringed.

**3. Identification of Issues: (What factual and legal issues are genuinely in dispute?)**

The parties dispute the validity and/or infringement of the Patents-in-Suit. The parties dispute the amount of damages based on the infringement.

**4. Narrowing of Issues: (Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?).**

The disposition of the motions to dismiss will, if granted, result in dismissal of C.A. Nos. 17-1076-GMS and 17-1075-GMS, and, if granted in part, will result in fewer claims that may be asserted in this litigation.

The parties expect to discuss potential narrowing of this case via a stipulation relating to identification of the asserted claims.

The parties agree that a single claim construction hearing in *OpenPrint LLC v. OKI Data Americas, Inc.*, C.A. No. 17-1075-GMS and *OpenPrint LLC v. Panasonic Corporation of North America*, C.A. No. 17-1076-GMS, because these two matters involve the same six patents, will streamline the proceedings. The parties agree that a second claim construction hearing in *OpenPrint LLC v. HP Inc.*, C.A. No. 17-1077-GMS, other than the one patent in that matter that overlaps with C.A. Nos. 17-1075-GMS and 17-1076-GMS, will further streamline the proceedings.

**5. Relief: (What specific relief does plaintiff seek? What is the amount of damages sought and generally how is it computed?)**

Plaintiff seeks the relief request in its prayers for relief in its Complaint (D.I. 1). In addition, Plaintiff states that Title 35 of the United States Code, section 284 provides: "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for use made of the invention by the infringer, together with interest and costs as fixed by the court." Plaintiff intends to seek damages of at least a reasonable royalty pursuant to 35 U.S.C. § 154(d), adequate to compensate Plaintiff for Defendant's infringement. Plaintiff intends to seek pre-judgment and post-judgment interest and costs as fixed by the Court.

The reasonable royalty analysis that Plaintiff intends to pursue is governed by *Georgia Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), modified sub nom., *Georgia-Pac. Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971 and cases

developing therefrom). Such a computation of damages that Plaintiff intends to seek depends on a number of factors which are subject to ongoing fact and expert discovery.

Because a computation of damages depends on a number of factors which are subject to ongoing fact and expert discovery, the complete computation cannot be provided at this time.

If appropriate, defendants will seek an exceptional case finding and an award of their attorneys' fees and costs.

**6. Amendment of Pleadings:**

The Parties have proposed a deadline of Friday, April 6, 2018 for the amendment of pleadings and addition of parties.

**7. Joinder of Parties:**

The Parties do not currently anticipate the joinder of any parties.

**8. Discovery: (Discovery contemplated by each party and the amount of time it may take to complete discovery? Can discovery be limited? Are less costly and time consuming methods available to obtain necessary information?)**

No discovery has taken place as of this date. The Parties anticipate entering a stipulated e-discovery order and discovery plan pursuant to Fed. R. Civ. P. 26(f) promptly after entry of a case schedule.

   A. **The Scope of Anticipated Discovery**

      **Plaintiff's Statement:**

No discovery has been taken to date. Anticipated discovery includes document production, interrogatories and depositions related to the accused instrumentalities, the validity of the Asserted Patents, and damages. Plaintiff presently believes the scope of anticipated discovery will include,

(1) technical documents related to the accused products; (2) sales of the accused products; and (3) prior art to the Asserted Patents.

**Defendants' Statement:**

No discovery has been taken to date.  Anticipated discovery includes document production, interrogatories and depositions related to the accused instrumentalities, the validity and enforceability of the Patents-in-Suit, and damages.  Defendant presently believe that the scope of anticipated discovery will include, (1) technical documents related to the accused products; (2) sales of the accused products; (3) prior art to the Patents-in-Suit, as well as other documents relating to the invalidity or enforceability of the Patents-in-Suit; and (4) documents and information relating to damages, including but not limited to prior license agreements relating to the Patents-in-Suit.

**B.  Proposed Limitations or Modification of the Discovery Rules**

**Method of Service:**

The Parties agree to serve documents by email in lieu of personal service or service by U.S. mail pursuant to Fed. R. Civ. P 5(b)(2)(E).

**Discovery Order and ESI Order:**

Plaintiffs and Defendants agree that they will submit a Discovery Order and an ESI Order promptly after entry of a case schedule.

**Protective Order:**

The parties agree that a protective order will be necessary to protect the confidential technical, business, and financial information that will be exchanged in these actions. The parties expect to present a stipulated protective order to the Court for its consideration promptly after entry of a case schedule.

**Discovery from Experts:**

The parties agree that neither party needs to produce communications between counsel and expert witnesses, communications between an expert and others, including staff members, who support the expert, or drafts of expert reports. However, if an expert relies upon a communication between counsel and the expert to support the expert's opinion, the communication is discoverable.

**Requests for Admission, Requests for Production of Documents and Things, and Depositions:**

- The Parties agree that in each action, each Party may propound 25 requests for admission, except for requests directed to the authenticity, publication date or public use, or availability to the public (*e.g.*, in a library) of information and things asserted to be prior art.
- The Parties agree that requests for production will not seek email and that neither side shall produce emails in response to a request for production of documents.
- The Parties agree that in each action, each Party may propound 25 interrogatories.
- The Parties agree to follow the applicable Federal and Local Civil Rules for fact depositions, specifically, a limit of seven (7) hours per deposition. The Parties also agree that each Party may take a total of thirty (30) hours of deposition testimony of the other Party and that each Party may take a total of forty (40) hours of nonparty depositions, excluding the named inventors in the Asserted Patents. In addition, the Parties agree that each named inventor in the Asserted Patents may be deposed for seven (7) hours.
- The Parties agree that each expert may be deposed for seven (7) hours per report offered by the expert, but in any event, for a total of no more than fourteen (14) hours per expert.

The Parties propose the following case schedule:

| Event | Deadline |
|---|---|
| **FACT DISCOVERY & CONTENTIONS** | |
| FRCP 26(a) Initial Disclosures | 1/28/2018 or 14 days after entry of the Scheduling Order, whichever is later. |
| Plaintiffs identify accused products | 30 days after Rule 26(a) initial disclosures or entry of Scheduling Order, whichever is later |
| Deadline for Plaintiffs to produce to Defendants an initial infringement claim chart including identification of accused products and asserted claims | 30 days after identification of accused products |
| Deadline for Defendants to produce to Plaintiffs their initial invalidity contentions and the related invalidating references | 60 days after production of initial infringement claim chart |
| Parties shall exchange a list of proposed terms for construction | 10/5/2018 |
| Parties shall exchange proposed constructions | 10/26/2018 |
| Parties shall submit Final Joint Claim Chart | 11/16/2018 |
| Deadline to Amend the Pleadings | 04/06/2018 |
| Deadline to Join Additional Parties | 04/06/2018 |
| Reliance on opinion of counsel deadline | 6/11/2018 |
| Deadline to produce opinions of counsel | 6/19/2018 |
| Joint Appendix to be provided by Plaintiff | 12/4/2018 |
| Opening claim construction briefs | 12/11/2018 |
| Answering claim construction briefs | 1/11/2019 |
| Plaintiffs shall submit Joint Appendix of Intrinsic Evidence | 1/11/2019 |
| First Markman Hearing | 2/___/2019 |
| Second Markman Hearing | 2/__/2019 |
| Substantial Completion of Document Production in response to document requests | 1/11/2019 |

8

| | |
|---|---|
| Completion of Fact Discovery | 4/12/2019 |
| **EXPERT DISCOVERY** | |
| Opening expert reports on which a party bears the burden of proof | 4/19/2019 |
| Rebuttal expert reports and opening expert reports concerning secondary considerations of non-obviousness | 5/17/2019 |
| Reply expert reports and rebuttal expert reports concerning secondary considerations of non-obviousness | 6/14/2019 |
| Completion of expert discovery | 7/26/2019 |
| **SUMMARY JUDGMENT LETTER BRIEFING** | |
| Opening letter briefs | 8/9/2019 |
| Responsive letter briefs | 8/23/2019 |
| Reply letter briefs | August 30, 2019 |
| **TRIAL PHASE** | |
| Submission of Joint Proposed Pretrial Order | January ___, 2020 |
| Pretrial Conference | February __, 2020 |
| First Trial begins | March __ 2020 |
| Second Trial begins | TBD |
| Third Trial begins | TBD |

**9. Estimated trial length: (Is it feasible or desirable to bifurcate issues for trial? Is it possible to reduce the length of the trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence?)**

Plaintiff estimates that this case may require a 5-8 day trial.

With six asserted patents, Defendants estimate that each trial will last between 5-10 days, depending on the number of accused products and number of claims plaintiff intends to assert at trial.

9

**10. Jury trial:**

Plaintiff has demanded a jury trial.

**11. Settlement: (have there been settlement discussions? What are the prospects for settlement? Is referral to the Magistrate for mediation or other ADR mechanism appropriate?)**

Some of the parties have discussed settlement. The parties agree that referral to the Magistrate for mediation or other ADR mechanism is appropriate.

12. **Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action.**

N/A.

13. **A statement that counsel for the parties have conferred about each of the above matters.**

Counsel for the Parties have met and conferred about each of the above matters.

December 11, 2017

| OF COUNSEL: | */s/ Timothy Devlin* |
|---|---|
| Neal G. Massand | Timothy Devlin |
| Hao Ni | Delaware Bar No. 4241 |
| Timothy Wang | DEVLIN LAW FIRM LLC |
| Ni, Wang & Massand, PLLC | 1306 N. Broom Street, 1st Floor |
| 8140 Walnut Hill Ln., Ste. 310 | Wilmington, DE 19806 |
| Dallas, TX 75231 | Phone: (302) 449-9010 |
| (972) 331-4600 | tdevlin@devlinlawfirm.com |
| nmassand@nilawfirm.com | |
| hni@nilawfirm.com | *ATTORNEYS FOR PLAINTIFF* |
| twang@nilawfirm.com | *OPENPRINT LLC* |
| Jeffrey G. Toler | |
| Craig Jepson | |
| TOLER LAW GROUP, PC | |
| 8500 Bluffstone Cove, Suite A201 | |
| Austin, TX 78759 | |
| (512) 327-5515 | |

OF COUNSEL:
Joseph Casino, Esq.
Michael J. Kasdan Esq.
WIGGIN AND DANA LLC
437 Madison Avenue
New York, NY 10022
212-551-2842
jcasino@wiggin.com
mkasdan@wiggin.com

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

*ATTORNEYS FOR DEFENDANT*
*PANASONIC CORPORATION OF NORTH*
*AMERICA*

*/s/ Amy M. Dudash___*
Amy M. Dudash
MORGAN, LEWIS & BOCKIUS LLP
The Nemours Building
1007 N. Orange Street, Suite 500
Wilmington, DE 19801
Tel: 302.547.7293
Fax: 302.574.3001
amy.dudash@morganlewis.com
Email: amy.dudash@morganlewis.com
Rick L. Rambo (*pro hac vice* motion forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana St., Suite 4000
Houston, TX 77002
Tel: 713.890.5175
Fax: 713.890.5001
Email: rick.rambo@morganlewis.com
Jason E. Gettleman (*pro hac vice* motion forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, CA 94304
Tel: 650.843.4000
Fax: 650.843.4001
Email: jason.gettleman@morganlewis.com

*ATTORNEYS FOR DEFENDANT*
*HP INC.*

| | |
|---|---|
| OF COUNSEL:<br>Marc R. Labgold, Ph.D.<br>NAGASHIMA HASHIMOTO<br>& YASUKUNI<br>Hirakawa-cho KS Bldg., 2nd Floor<br>2-4-14 Hirakawa-cho, Chiyoda-ku<br>Tokyo 102-0093 Japan | */s/ John W. Shaw*____<br>John W. Shaw (No. 3362)<br>Jeffrey T. Castellano (No. 4837)<br>Andrew E. Russell (No. 5382)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>jcastellano@shawkeller.com<br>arussell@shawkeller.com<br><br>*ATTORNEYS FOR DEFENDANT*<br>*OKI DATA AMERICAS, INC.* |